J-S11010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWIN QUINONES | : | |
| | : | |
| Appellant | : | No. 3164 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 5, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000190-2021

BEFORE:   BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 7, 2024**

Edwin Quinones appeals from the judgment of sentence of eight to sixteen years of incarceration, which was imposed after he was convicted at a bench trial of robbery and related offenses.  We affirm.

Appellant's convictions stem from an incident on March 31, 2020, when he and another individual attempted to steal an electric bicycle from sixty-five-year-old Mohamed Diallo.  At approximately 10:45 p.m., Mr. Diallo began to ride his bicycle home from the Frankford Transportation Center in Philadelphia, but Appellant forced him to the ground by grabbing and punching him.  As Appellant and Mr. Diallo fought on the ground, Appellant called to a second individual, "[H]elp me, help me.  We have to take this bike[.]"  N.T. Trial, 9/27/21, at 14.  Appellant then punched Mr. Diallo all over his body,

_____

[*] Retired Senior Judge assigned to the Superior Court.

causing scratches and bruises. A bystander called the police. When Appellant and his cohort heard sirens, they attempted to take the bicycle. However, due to its weight, they instead removed the bicycle's two batteries and fled.

Officer Timothy Moyer of the Southeastern Pennsylvania Transportation Authority responded to the scene. Upon his approach, he saw two individuals in a parking garage about one-half block away, "fiddling with big black objects." N.T. Trial, 10/15/21, at 9. After being told by Mr. Diallo that the two men had taken his bicycle batteries and fled in a specific direction, Officer Moyer returned to the two individuals he had seen because they matched the description. Officer Moyer arrested Appellant and recovered the two batteries, while another officer arrested the accomplice. Approximately five minutes after the attack, Mr. Diallo was brought to the two men and identified them as his assailants.

The Commonwealth charged Appellant with robbery, conspiracy to commit robbery, theft by unlawful taking, receiving stolen property, simple assault, and recklessly endangering another person. Appellant proceeded to a bench trial where the court heard testimony from Mr. Diallo and Officer Moyer. Mr. Diallo detailed the attack at trial with the help of an interpreter but, because almost eighteen months had passed and Appellant's hairstyle had changed, he did not positively identify Appellant as his assailant in court. *See* N.T. Trial 9/27/21, at 12 ("He look[s] like the guy who was sitting near the lawyer but his hair was different at that time."). Considering all the evidence, the court convicted Appellant as charged and, after ordering a pre-

sentence investigation ("PSI") report and several evaluations, imposed consecutive four-to-eight-year terms of imprisonment for robbery and conspiracy to commit robbery.

Appellant filed a post-sentence motion. Therein, he challenged the weight of the evidence and sought reconsideration of his sentence, which he alleged was excessive, disproportionate to the conduct, did not carefully consider various mitigating factors or the guidelines, did not appropriately balance the protection of the public and the gravity of the offense with his rehabilitative needs, relied on improper factors unsupported by the evidence, and lacked an on-the-record justification for the terms of incarceration being imposed consecutively. Appellant's motion was ultimately denied by operation of law.

A timely notice of appeal followed. Appellant complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement and the trial court issued a responsive Rule 1925(a) opinion. We are presented with two questions for our review:

1. Was the evidence insufficient to convict [Appellant] of conspiracy to commit robbery?

2. Did the trial court err when it imposed a manifestly excessive and unreasonable sentence?

Appellant's brief at 4 (capitalization altered).

Appellant first assails the sufficiency of the evidence to sustain his conspiracy conviction. We review this issue mindful of the following legal principles:

The standard we apply in reviewing the sufficiency of the evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying this test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence.

*Commonwealth v. Dixon*, 276 A.3d 794, 800 (Pa.Super. 2022) (cleaned up).

The crime of conspiracy is defined thusly:

**(a) Definition of conspiracy.**--A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

> (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903(a). The object crime for Appellant's conspiracy conviction was robbery, the specific subsection of which is defined as follows: "in the course of committing a theft," the defendant "inflicts bodily injury upon

another or threatens another with or intentionally puts him in fear of immediate bodily injury." 18 Pa.C.S. § 3701(a)(1)(iv).

This Court has detailed the four factors that must be considered in determining whether a conspiracy existed as to the object crime: "(1) an association between alleged conspirators; (2) knowledge of the commission of the crime; (3) presence at the scene of the crime; and (4) in some situations, participation in the object of the conspiracy." **Commonwealth v. Mitchell**, 135 A.3d 1097, 1102–03 (Pa.Super. 2016) (cleaned up). Mere presence, association, or knowledge is insufficient. **See Dixon**, 276 A.3d at 801. Since conspiracies are rarely, if ever, formally documented, "[t]he defendant's intent, as well as the agreement, is almost always proven through circumstantial evidence, such as by the relations, conduct or circumstances of the parties or overt acts on the part of the co-conspirators." **Id**. (cleaned up). In that regard, "[t]he conduct of the parties and the circumstances surrounding such conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt." **Mitchell**, 135 A.3d at 1103 (cleaned up).

In making his sufficiency argument, Appellant concedes that the evidence proved he had "an agreement, and shared intent, to steal from [Mr.] Diallo." Appellant's brief at 11. However, he asserts that the evidence did not establish beyond a reasonable doubt that there was either an agreement or a shared intent to inflict bodily harm on Mr. Diallo. **Id**.

Upon review, the testimony bears out that as Appellant was punching Mr. Diallo, he sought assistance from another individual to steal Mr. Diallo's bicycle. The individual came over to help Appellant steal the bicycle while Appellant continued to pummel Mr. Diallo. Upon hearing sirens, Appellant and the other man, being unable to lift the bicycle, stole the two bicycle batteries, fled together, and remained together with the batteries until ultimately apprehended by responding police officers. This circumstantial evidence was sufficient to establish an agreement and shared intent to inflict bodily injury upon Mr. Diallo, namely, by Appellant punching him, in the course of both of them stealing the bicycle. Accordingly, no relief is warranted on this claim.

Appellant next argues that his aggregate sentence was excessive and unreasonable, advancing five different bases. *Id*. at 12. It is well-settled that "[s]entencing is a matter vested in the sound discretion of the sentencing judge[.]" *Commonwealth v. Glawinski*, 310 A.3d 321, 326 (Pa.Super. 2024) (cleaned up). As such, our standard of review "is very narrow" and we reverse sentences only where "the appellant [establishes], by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision." *Id*. (cleaned up).

Before we can reach the merits, though, Appellant must invoke our jurisdiction by: (1) timely filing a notice of appeal, (2) preserving the precise issue at sentencing or in a post-sentence motion, (3) including a Pa.R.A.P. 2119(f) statement in his appellate brief, and (4) presenting a substantial

question. *See Commonwealth v. Tejada*, 107 A.3d 788, 797-98 (Pa.Super. 2015).

Appellant filed a timely notice of appeal, included a Rule 2119(f) statement in his brief, and pursued a post-sentence motion in the trial court. As detailed hereinabove, the motion alleged, *inter alia*, that "the [c]ourt relied on improper factors not supported by the evidence[.]" Post-Sentence Motion, 8/14/22, at unnumbered 1. However, his brief asserts that the court: (1) imposed a sentence "grossly disparate" to his conduct by running the aggravated-range sentences consecutive to each other; (2) "ignored his rehabilitative needs and focused almost exclusively on punishment[;]" (3) double-counted his prior convictions; (4) punished Appellant for proceeding to trial; and (5) mistakenly believed that Appellant and his cohort both assaulted Mr. Diallo, and that Appellant punched Mr. Diallo in the head. *See* Appellant's brief at 12-15. The general sentence in his motion did not preserve claims three, four, and five because it did not put the trial court on notice of the specific improper factors. Since the final three issues were not preserved in his post-sentence motion or at sentencing, "they are not subject to our review." *Tejada*, 107 A.3d at 799 (citations omitted).

Appellant did preserve his first two claims in his post-sentence motion and we therefore turn to the final jurisdictional requirement, *i.e.*, whether he raised a substantial question. "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code;

or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Schroat**, 272 A.3d 523, 527 (Pa.Super. 2022) (cleaned up). Both claims raise a substantial question. **Id**. (holding that defendant raised a substantial question regarding the excessiveness of a sentence due to the court failing to consider mitigating factors); **Commonwealth v. Hill**, 210 A.3d 1104, 1116 (Pa.Super. 2019) (concluding the defendant raised a substantial question as to "whether his sentence was excessive in conjunction with an assertion that the trial court failed to consider mitigating factors"). Therefore, Appellant has invoked our jurisdiction to review the merits of these claims.[1]

Regarding the consecutive nature of Appellant's sentences,

Long standing precedent recognizes that the Sentencing Code affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. We will not disturb consecutive sentences unless the aggregate sentence is

---

[1] We note that Appellant failed to include these specific issues in his Rule 1925(b) statement and, therefore, we could find them waived. **See e.g.**, **Commonwealth v. Rickenbach**, 2024 WL 1091359, at *4 (Pa.Super. 2024) (non-precedential decision) (finding waiver where the appellant did not preserve specific discretionary-aspects-of-sentencing claim with other discretionary sentencing claims in his Rule 1925(b) statement). However, the trial court's Rule 1925(b) order included many deficiencies, the most egregious of which was its statement that Appellant's failure to comply with Rule 1925(b) "**may** be considered by the [a]ppellate [c]ourt as a waiver of all objections[.]" Order, 1/27/23 (emphasis added). We have held that "it would be fundamentally unfair to require appellants to strictly comply with the requirements of Rule 1925, but not require the same diligence from the trial court requesting a Rule 1925(b) statement." **Commonwealth v. Lissmore**, ___ A.3d ___, 2024 WL 973491, at *3 n.2 (Pa.Super. 2024) (cleaned up). Accordingly, we decline to find waiver.

grossly disparate to the defendant's conduct, or viscerally appears as patently unreasonable.

*Commonwealth v. Brown*, 249 A.3d 1206, 1212 (Pa.Super. 2021) (cleaned up). Furthermore, "[w]here the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Torres*, 303 A.3d 1058, 1065 (Pa.Super. 2023) (cleaned up).

Here, the trial court had the benefit of PSI, mental health, and forensic reports, sentencing memoranda from the Commonwealth and Appellant, argument from both attorneys, and Appellant's allocution. *See* N.T. Sentencing, 8/5/22, at 25-26. The court noted that Appellant was classified as a repeat felon from his prior record score. During Appellant's allocution, he apologized to the court and explained that his prior record score was the result of being in the wrong place at the wrong time. *Id*. at 24-25. The court observed that, by virtue of proceeding to trial, it did not expect Appellant to express remorse or take responsibility at that time, but it lamented Appellant's decision during his allocution to apologize to the court instead of the victim and to classify his prior convictions as being "a miscommunication" and because he was "caught in the wrong area at the wrong time[.]" *Id*. at 26, 30-31.

As to the proportionality of Appellant's sentence, the court determined that the use of force was unnecessary to achieve the objective of stealing the bicycle since Mr. Diallo was nearly twice his age, and Appellant had the aid of

another individual. *Id*. at 31. The trial court also opined that Appellant was a danger to the public because of his "extensive and serious criminal history, . . . most of which relates to violence towards another person, and the criminal conduct in the case at hand, physically assaulting a sixty-five-year-old man in connection to robbing [him.]" Trial Court Opinion, 5/9/23, at 20.

Noting Appellant's multiple mental health diagnoses and his violence and anger issues, the court observed that Appellant has had the opportunity for community treatment, but that he fared better while in custody. *See* N.T. Sentencing, 8/5/22, at 28-32 (stating that he "does well in custody[, h]e takes his mental health medication and has no infractions"). Further, although the trial court indicated that it "ha[s] to worry about rehabilitation of" Appellant, it was also concerned about "the gravity of the offense and danger to the community." *Id*. at 31-32. Balancing these, the court concluded that a state sentence with mental health and drug treatment was appropriate.

Our review of the certified record confirms that the trial court considered all relevant factors and did not impose a disproportionate sentence. Discerning no abuse of discretion, we affirm Appellant's judgment of sentence.

Based on the foregoing, Appellant has not presented any claims entitling him to relief. Accordingly, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/7/2024